# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

PATRICIA ANNE RUNGE,            )
                                )
            Plaintiff,           )
                                )
v.                              )   Case No. CIV-15-168-JHP-KEW
                                )
CAROLYN W. COLVIN, Acting       )
Commissioner of Social          )
Security Administration,        )
                                )
            Defendant.          )

## REPORT AND RECOMMENDATION

Plaintiff Patricia Anne Runge (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on November 27, 1968 and was 41 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as a veterinarian's assistant, cook, and general laborer at a jeanswear company. Claimant alleges an inability to work beginning August 1, 2008 due to limitations resulting from back pain and headaches associated

with scoliosis with Harrington rods, heart problems, and depression.

## Procedural History

On December 3, 2008, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income under Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On April 22, 2010, an administrative hearing was conducted by Administrative Law Judge ("ALJ") Lance Hiltbrand in Oklahoma City, Oklahoma. The ALJ entered an unfavorable decision on October 21, 2010. The Appeals Council reversed and remanded the case on January 27, 2012.

On November 15, 2012, a second hearing was conducted by ALJ Kenton W. Fulton in Oklahoma City, Oklahoma. On September 23, 2013, the ALJ issued an unfavorable decision. The Appeals Council denied review on March 6, 2015. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe

impairments, she retained the RFC to perform medium work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing at step five to prove Claimant retained the RFC to perform a significant number of jobs to permit her to walk away from her workstation for three hours in an eight hour workday; and (2) failing to give specific and legitimate reasons for rejecting the consultative examiner's opinions regarding Claimant's upper extremity limitations.

**Step Five Analysis**

In his decision, the ALJ determined Claimant suffered from the severe impairments of back pain (residuals from Harrington Rod placement for scoliosis at age 15), mitral valve prolapse, and headaches. (Tr. 14). The ALJ concluded that Claimant retained the RFC to perform medium work limited by the ability to lift up to 50 pounds occasionally and 10 pounds frequently; carry up to 20 pounds occasionally; sit for 30 minutes at a time up to three hours in an eight hour workday; stand 10 minutes at a time, up to two hours in an eight hour workday; walk 20 to 25 minutes at a time, up to three hours in an eight hour workday; no more than frequent use of the feet for operation of foot controls; no more than occasinal

5

balancing, stooping, kneeling, crouching, crawling, or climbing of stairs/ramps; no climbing of ladders or scaffolds; no reading of very small print; no more than frequent exposure to vibrations; no more than occasional exposure to unprotected heights, moving mechanical parts, operating a motor vehicle, humidity/wetness, dust/odors/fumes/pulmonary irritants, extreme cold, and extreme heat; noise exposure should be limited to the moderate (office setting) level. (Tr. 19-20). After consultation with a vocational expert, the ALJ determined Claimant retained the RFC to perform the representative jobs of food and beverage order clerk, document preparer, and film inspector, all of which the ALJ found to exist in sufficient numbers both regionally and nationally. (Tr. 24). As a result, the ALJ found Claimant was not disabled from August 1, 2008 through the date of the decision. (Tr. 25).

Claimant first contends the ALJ's decision was deficient at step five. Claimant's RFC allowed her to sit for no more than 30 minutes at a time for up to three hours in a day and stand for no more than 10 minutes at a time for up to two hours in an eight hour workday. (Tr. 19-20). The ALJ chose to provide the vocational expert employed in this case with written interrogatories rather than taking live testimony from the expert.

In the first written hypothetical, the ALJ included the

6

limitations upon Claimant's sitting and standing among other restrictions and inquired if Claimant could perform her past relevant work as a veterinarian's assistant. The vocational expert stated that "[t]he lifting and standing requirements in the hypothetical question are not sufficient to perform the the (sic) past work." (Tr. 330). The ALJ then inquired as to whether Claimant could perform any other unskilled occupations that exist in the national economy, whereupon the expert identified food and beverage order clerk, document preparer, and film inspector. (Tr. 331). The vocational expert stated that her findings conflicted with the *Dictionary of Occupational Titles* to which the expert responded "yes" and explained

> The DOT requires the ability to sit 6 hrs to perform sedentary work. Based on my observation of these jobs in the local labor mkt these jobs can be performed within the physical demands set forth in the hypothetical question. I have been involved in the placement of persons with disabilities for over 30 years in the State of OK.

(Tr. 332).

A vocational expert's testimony can provide a proper basis for an ALJ's determination at step five where the claimant's impairments are reflected adequately in the hypothetical inquiries to the expert. Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir. 1993). Before an ALJ may rely upon the testimony of a vocational

7

expert at step five, however, he "must investigate and elicit a reasonable explanation for any conflict between the Dictionary and expert testimony. . . ."  Haddock v. Apfel, 196 F.3d 1084, 1091 (10th Cir. 1999).

In this case, the vocational expert provided no justifiable basis for deviating from the *DOT*'s requirement for the ability to sit for six hours out of an eight hour workday when Claimant was required by the RFC to be able to walk away from her work station for three hours in an eight hour workday.  The problem was exacerbated by the fact the ALJ made inquiry of the vocational expert in writing where follow-up questioning to clarify the testimony could not be obtained.  This unexplained deviation must be addressed on remand.

**Consideration of Consultative Examiner's Opinion**

On December 18, 2012, Dr. John Saidi conducted a consultative examination of Claimant.  With regard to Claimant's upper extremities, Dr. Saidi found Claimant's motor strength in the biceps and triceps areas to be 4/5 while handgrip strength was normal. (Tr. 387).  He also found Claimant's back muscles pull up with range of motion of her shoulders.  (Tr. 388).

On the same date, Dr. Saidi also provided a physical medical source statement after performing the consultative examination of

Claimant. Among Dr. Saidi's findings was the statement that the "range of motion of shoulders are stiff & associated with back pain." He also limited Claimant to occasional reaching overhead. (Tr. 382).

The ALJ gave Dr. Saidi's opinions "comports with the medical evidence and the other credible evidence of record." (Tr. 21). He gave the opinion "little weight", however, as it pertained to Dr. Saidi's proposed upper extremity limitations. The ALJ found Dr. Saidi "appears to give the claimant the benefit of the doubt in assess her with these limitations, to account for her subjective statements." Id. He further found that Dr. Saidi's examination revealed normal hand skills and no other clinician found such limitations. Id.

The ALJ is required to evaluate every medical opinion. Salazar v. Barnhart, 468 F.3d 615, 625-26 (10th Cir. 2006). Even non-treating consultative physician's opinions must be evaluated under the factors listed in 20 C.F.R. §§ 1527(d) and 416.927(d). Doyal v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the

degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

At least one basis for rejecting Dr. Saidi's upper extremity restriction was invalid. The fact no hand limitation was found by Dr. Saidi as a part of his examination does not provide a specific, legitimate reason for rejecting an upper extremity restriction in the RFC. On remand, the ALJ shall reconsider whether an additional restriction in upper extremity usage is warranted by the evidence.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 10th day of August, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE