**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| PATRICIA ANNE RUNGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-168-JHP-KEW |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

**FINDINGS AND RECOMMENDATION**

This matter comes before the Court on Plaintiff's Application for Award of Attorney's Fees Under the Equal Access to Justice Act (Docket Entry #29) and Supplemental Application for Award of Attorney's Fees Under the Equal Access to Justice Act to Include Fees for Legal Work on Fee Litigation (Docket Entry #32). By Order entered March 10, 2017, United States District Judge James Payne who presides over this case referred the subject Motion to the undersigned for the entry of Findings and a Recommendation. By Order and Judgment entered September 20, 2016, Judge Payne reversed the decision of the Commissioner to deny Claimant's applications for disability insurance benefits under Title II and for supplemental security income under Title XVI of the Social Security Act and remanded the case for further proceedings.

In the Motion, Claimant seeks attorney's fees for 21.10 hours of time expended by her attorney at the stipulated fee rate and 4.60 hours for counsel's paralegal for a total request of $4,496.60 under the authority of the Equal Access to Justice Act ("EAJA").

The Commissioner contests the award of EAJA fees, contending her position in the underlying case was substantially justified.

EAJA provides that a prevailing party other than the United States shall be awarded fees and costs unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). With respect to EAJA applications in Social Security cases, Defendant has the burden of showing that her position was substantially justified. Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988). Defendant must prove that, even if her position is incorrect, her case had a reasonable basis in law and in fact. Id. To establish substantial justification, Defendant must show that there is a genuine dispute and that reasonable people could differ concerning the propriety of a particular agency action. Pierce v. Underwood, 487 U.S. 552, 565 (1987). The government's "position can be justified even though it is not correct . . . and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct . . . ." Id. at 566 n.2.

Clearly, Claimant constituted the prevailing party in accordance with this Court's decision. The Commissioner contends that the vocational expert adequately explained why her testimony deviated from the *Dictionary of Occupational Titles* when she testified by written interrogatory that the deviation was based upon her lengthy experience at placing disabled persons

2

vocationally. Regardless of his experience, the vocational expert failed to explain the plethora of inconsistencies in the functional findings when compared to the requirements of the representative jobs identified. Moreover, further explanation was unavailable because the expert was questioned by written interrogatory. Additionally, the evaluation of Dr. Saidi's opinion also contained invalid bases for providing "little weight" to the opinion. As a result, this Court concludes the Commissioner's position in this appeal was not substantially justified.

Claimant also seeks attorney's fees for filing a reply in response to the Commissioner's challenge to her fees. No response to the Supplemental Motion was filed by the Commissioner, therefore, the additional fee for filing a reply will be awarded.

IT IS THEREFORE THE RECOMMENDATION OF THIS COURT that Plaintiff's Application for Award of Attorney's Fees Under the Equal Access to Justice Act (Docket Entry #29) and Supplemental Application for Award of Attorney's Fees Under the Equal Access to Justice Act to Include Fees for Legal Work on Fee Litigation (Docket Entry #32) be **GRANTED** and that the Government be ordered to pay Claimant's attorney's fees in the total amount of $5,149.00.

IT IS FURTHER RECOMMENDED that, in accordance with the ruling of the Tenth Circuit Court of Appeals, the award shall be made to Claimant as the prevailing party and not directly to Claimant's counsel. Manning v. Astrue, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b). In addition, should Claimant's counsel

ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to Claimant. <u>Weakley v. Bowen</u>, 803 F.2d 575, 580 (10th Cir. 1986).

The parties are herewith given fourteen (14) days from the date of the service of these Findings and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Findings and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on the findings made herein.

IT IS SO ORDERED this 22nd day of May, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE